**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1776
_____

JOHN A. TAYLOR,
                            Appellant

v.

LAURIE ANN SPRAGA, D.O.;
NURSE PRACTITIONER EDWARD HENDRICKS, in his individual capacity;
CONTRACTOR CORRECT CARE SOLUTIONS LLC, in its official and individual capacity;
WARDEN PERRY PHELPS, in his official and individual capacity;
CONNECTIONS CSP, INC.
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1:14-cv-01522)
District Judge:  Honorable Sue L. Robinson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 10, 2018

Before:  JORDAN, RESTREPO and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 17, 2018)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

John A. Taylor appeals from the District Court's order entering judgment in favor of several defendants and dismissing his amended complaint against another defendant. For the reasons set forth below, we will affirm the District Court's order.

Taylor is a Delaware prisoner. He filed suit against several prison medical personnel and two companies under contract with the prison to provide medical care at the prison alleging that they rendered improper medical care in violation of the Eighth Amendment when his medication regimen for peripheral neuropathic pain was altered from Neurontin to Motrin and capsaicin cream. The District Court granted summary judgment to the medical personnel and one of the companies, concluding that the undisputed evidence showed that the medication change amounted to a mere disagreement about medical treatment and not deliberate indifference towards Taylor's serious medical need. Given this conclusion, the District Court dismissed the complaint against the other company under contract to provide medical care at the prison as failing to state a claim as a matter of law.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Preliminarily, we will address Turner's first argument, which is that the District Court erred by not sanctioning the defendants for having filed their motion for summary judgment one day late. Specifically, Turner contends that the District Court should not have even considered the defendants' untimely motion. But Turner points to no prejudice that resulted from the

2

untimely filing of the motion, nor does the late filing appear to be a part of a larger

pattern of wrongdoing. Accordingly, the District Court did not abuse its discretion in

considering the motion for summary judgment. See Republic of Philippines v.

Westinghouse Elec. Corp., 43 F.3d 65, 73 (3d Cir. 1994).

We exercise plenary review of a district court's order granting summary judgment,

applying the same standard as the district court. See Tri–M Grp., LLC v. Sharp, 638 F.3d

406, 415 (3d Cir. 2011). We will affirm only if "drawing all reasonable inferences in

favor of the nonmoving party, there is no genuine issue as to any material fact and . . . the

moving party is entitled to judgment as a matter of law." Id. (citation and internal

quotation marks omitted). In reviewing the dismissal under Rule 12(b)(6), "we accept all

factual allegations as true [and] construe the complaint in the light most favorable to the

plaintiff." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting

Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). A court may

grant a motion to dismiss under Rule 12(b)(6) "only if, accepting all well-pleaded

allegations in the complaint as true and viewing them in the light most favorable to the

plaintiff, [it] finds that [the] plaintiff's claims lack facial plausibility." Id. (citing Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

In the context of Eighth Amendment claims based on medical care, a plaintiff

must demonstrate deliberate indifference to a serious medical need. Estelle v. Gamble,

429 U.S. 97, 106 (1976). "To act with deliberate indifference to serious medical needs is

to recklessly disregard a substantial risk of serious harm." Giles v. Kearney, 571 F.3d 318, 330 (3d Cir. 2009). For instance, a plaintiff may make this showing by establishing that the defendants "intentionally den[ied] or delay[ed] medical care." Id. (quotation marks omitted). However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." United States ex rel. Walker v. Fayette Cnty., 599 F.2d 573, 575 n.2 (3d Cir. 1979) (internal quotation marks omitted).

The defendants concede that Taylor's peripheral neuropathy is a serious medical need requiring treatment. The defendants argue, however, that the decision to change Taylor's medication regime was not made with deliberate indifference. They state that the Neurontin was discontinued only after it was discovered that Taylor was hoarding it "because it was both a security and a medical risk as an inmate who stores medication can sell it to other inmates [] or can take larger doses which can create medical issues." Brief at 12-13. And with respect to replacing the Neurontin with an alternative medication regimen, the defendants contend that the medical staff, who regularly evaluated Taylor, deemed the Motrin and capsaicin cream medically sufficient for pain control.

Taylor, on the other hand, argues that the defendants acted with deliberate indifference when they changed his medication regime from Neurontin to Motrin and

4

capsaicin cream.  He disputes that he was hoarding the Neurontin, the defendants' stated reason for changing his medication regime, pointing to the absence of a misconduct report for hoarding medicine in his prison file.  He further contends that the Neurontin was discontinued without a doctor's order or evaluation, and that the medical staff impermissibly refused to restart the Neurontin even when he made them aware that the Motrin and capsaicin cream did not sufficiently control his pain.

The undisputed evidence shows that the Neurontin was discontinued and replaced with Motrin by a Nurse Practitioner on February 27, 2013.  A progress note from December 26, 2013, indicates that Taylor then approached the prison "clinic requesting a restart of Neurontin."  Appellees' Mot. for Summ. J. Ex. B, appended to Appellant's Br. at Ex. E.  Taylor stated then that "he ha[d] no idea why it was stopped as no one told him."  Id.  The doctor, in the progress note, wrote that she then reviewed Taylor's chart with him, discussing five conversations Taylor had with medical staff between March and August 2013 "regarding the discontinuation of the medication due to hoarding."  Id.  The doctor's notes also reflect that Taylor had been prescribed Motrin, that Taylor stated "that Motrin does not help his pain at all but Capsaicin cream does," but that when a "plan of care to discontinue Motrin and start Capsaicin cream [was] discussed he then stated that the Capsaicin cream does not help his pain either."  Id.  The doctor then continued Taylor's prescription for Motrin, and "[r]estart[ed]" his treatment with capsaicin cream.  Id.

5

Based on this record evidence, we agree with the District Court that summary judgment in favor of the defendants was proper. Whether or not Taylor was hoarding Neurontin, the discontinuation of that medication to treat his neuropathic pain condition is not actionable as a constitutional violation under the circumstances of this case. What is undisputed is that in February 2013 he received alternative treatment for his pain in the form of a prescription for Motrin, that the prison medical personnel continued to monitor him regularly after the change in medication regime, and that when Taylor told a doctor at an appointment in December 2013 that the Motrin did not sufficiently control his pain the doctor restarted a prescription for capsaicin cream (in addition to continuing the Motrin prescription), which the doctor thought was a sufficient treatment medically, in part because Taylor had mentioned at that visit that the capsaicin cream was sufficient. We therefore conclude that Taylor's claim is a disagreement about a treatment decision, see Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004), and that, therefore, summary judgment in favor of several defendants, and the dismissal of the complaint against the remaining defendant, was proper. Appellee Connections CSP's motion to file Volume III of the supplemental appendix under seal is granted such that Volume III of the appendix will remain under seal for a period of twenty-five (25) years.